# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Daniel M.,                                                Case No. 18-cv-792-KMM

               Plaintiff,

v.                                                     **ORDER**

Nancy Berryhill,

               Defendant.

_____

The above matter came before the undersigned on May 28, 2019 upon Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 16). The Court heard oral argument on the matter and then ruled on the record at the hearing, granting Mr. M.'s motion and denying the Commissioner's motion. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that decision.

The Court's evaluation of an ALJ's determination is performed with great deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court only reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994). However, the Court's deference to the ALJ is not absolute. Where an ALJ fails to adequately support their determination, the Court may remand. *See, e.g., Weber*

*v. Colvin*, No. 16-cv-332 (JNE/TNL), 2017 WL 477099 at *26 (D. Minn. Jan. 26, 2017) (noting that the ALJ must demonstrate some "logical bridge" between the evidence and their conclusions).

Mr. M. argues that the ALJ's failure to analyze whether his use of a cane is medically necessary was error, and the Court agrees. The ALJ noted Mr. M's use of the cane in passing, but otherwise ignored it. The ALJ neither explored whether it was necessary, nor included any accommodation in the RFC for the cane. The Court found this to be error because at least two different providers—his primary care provider Dr. Knaak, and his physical therapist Brian Tolley—note Mr. M.'s use of a walking stick or cane to assist in ambulation. Additionally, the ALJ did not discuss Mr. M.'s use of the cane when considering Mr. M.'s subjective complaints. The ALJ's error is material because the vocational expert testified that there would be no jobs that Mr. M. could perform with his RFC if he needed to use a cane.

Mr. M. also argued that the ALJ should have granted controlling weight to treating physician Dr. Knaak's opinion. The Court did not rule on this question, noting that this issue will be necessarily be addressed by the ALJ who handles this matter on remand.

Accordingly, for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

    1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is GRANTED

    2. Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.

The matter is remanded to the Appeals Council for further proceedings pursuant to sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 13, 2019                    *s/ Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge