# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Daniel M., | Case No. 18-cv-792-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy Berryhill, | |
| Defendant. | |

_____

This matter is before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pl.'s Mot., ECF No. 25. Plaintiff seeks an award of $9,678.35 in attorney's fees. In response, the Commissioner only objects to the amount of fees requested by the plaintiff, suggesting that plaintiff's counsel spent an unreasonable amount of time on certain tasks so that an appropriate award would not exceed $7,554.03 for plaintiff's lead and local counsel combined. Def.'s Resp., ECF No. 29.

In relevant part, the EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). An application for fees and costs under the EAJA must show that the party is a prevailing party whose net worth was less than two million dollars when the civil action was filed and include: (1) a statement of the amount sought; (2) an itemized statement of the time spent by the attorney on the case; (3) a statement of the rate at which fees and other expenses have been computed; and (4) an allegation that the

Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Only "reasonable fees and expenses" may be awarded to a prevailing party. 28 U.S.C. § 2412(b). The ultimate amount of an award is within the district court's discretion. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

The Court has reviewed the entire file, including the calculation of the appropriate hourly rates for plaintiff's attorneys, Karl Osterhout and Edward Olson, and the itemization of time spent on various tasks in litigating this matter. Based on that review, the Court finds that a moderate reduction in the fees requested by plaintiff's attorneys is appropriate. Specifically, the Court finds that the time claimed for reviewing the relatively short record and conducting legal research should be reduced, so that Mr. Osterhout should be compensated for a total of 40 hours of work (as opposed to the 45.1 hours requested). The Court disagrees with the Commissioner that a reduction of the time spent by Mr. Olson is appropriate. Accordingly, the Court finds that the reasonable attorney's fee in this case is $8,656.42.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (ECF No. 25) is **GRANTED**.

2. Plaintiff is awarded $8,656.42 in reasonable attorney's fees, subject to offset by any preexisting debt that plaintiff owes to the United States.

3. The Commissioner shall pay the above-awarded fees, minus any applicable offset, to plaintiff by December 10, 2019.

**Let Judgment be entered accordingly.**

Dated: October 10, 2019         *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge